UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BEERY ADVISORS, LLC | CIVIL ACTION |
| VERSUS | NO. 18-8213 |
| STRATEGIC AVIATION LLC, ET AL. | SECTION M (5) |

**ORDER & REASONS**

Before the Court is a motion by plaintiff Beery Advisors, LLC ("Beery") to remand this case to Civil District Court for Orleans Parish ("CDC").[1] Defendants Strategic Aviation LLC ("Strategic Aviation") and Airworthy Assets, LLC ("Airworthy") (collectively, "Defendants") respond in opposition,[2] and Beery replies in further support of the motion.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons remanding the case for lack of subject-matter jurisdiction as amounts in controversy for distinct claims against separate defendants may not be aggregated to confer jurisdiction under 28 U.S.C. § 1332 absent solidary liability.

**I.  BACKGROUND**

This case involves contract disputes. Beery is a limited liability company comprised of two individual members, who are both domiciled in Louisiana, and hence a citizen of Louisiana.[4] Strategic Aviation is a limited liability company with two individual members, who are both

---

[1] R. Doc. 36. Also before the Court is a motion by Defendants to dismiss for lack of personal jurisdiction or failure to state a claim (R. Doc. 12) and a motion by Beery to strike affirmative defenses (R. Doc. 52). Because this Court lacks subject-matter jurisdiction, these motions will not be addressed.
[2] R. Doc. 40.
[3] R. Doc. 45.
[4] R. Doc. 1 at 2. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members").

1

domiciled in California, and hence a citizen of California.[5] Strategic Aviation provides "expeditionary airlift and life-support services in rigorous and harsh foreign environments."[6] Airworthy is also a limited liability company with two individual members: one member domiciled in California and the other in Texas.[7] Thus, Airworthy is a citizen of both California and Texas. Airworthy supplies an aircraft used in connection with Strategic Aviation's services.[8] Ryan Robinson is a member of both Strategic Aviation and Airworthy.[9]

In 2015, Beery allegedly contracted with Strategic Aviation to provide "financial, contract management, and other professional services," including finance strategy advice and oversight of Strategic Aviation's accounting operations and negotiations.[10] Under the agreement, Beery was to receive payments of five percent of Strategic Aviation's annual profits as well as a monthly fee and reimbursement of expenses.[11] In 2016, Airworthy was established to acquire and possess an aircraft for use in Strategic Aviation's services.[12] At that time, Beery allegedly entered into a separate agreement with Airworthy to provide financial services for Airworthy, in exchange for five percent of Airworthy's annual profits.[13] Beery alleges that it performed services for each company under the contracts from the time each was formed through July 2018.[14] As of the commencement of this case, Strategic Aviation had paid Beery in accordance with their agreement in 2015 and 2016, but had not paid five percent of profits for 2017 and January to July 2018, nor

---

[5] R. Doc. 1 at 2. The complaint states that Strategic Aviation has only one individual member, Ryan Robinson. R. Doc. 1-1 at 2, 3, 4. Under either membership structure, Strategic Aviation remains a California citizen for purposes of diversity jurisdiction.
[6] R. Doc. 1-1 at 4.
[7] R. Doc. 1 at 2.
[8] R. Doc. 1-1 at 4.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at 5.
[13] *Id.*
[14] *Id.*

the monthly fees owed for May and June 2018.[15] Beery claims that Strategic Aviation owes a sum of $325,916.43, per the terms of their agreement.[16] Beery also alleges that, although Airworthy says it did not make a profit before 2018, Airworthy owes five percent of the profits earned from January through July 2018, totaling $30,000, per the terms of their agreement.[17] Beery filed this action in CDC alleging open accounts, breach of contracts, and unjust enrichment against Defendants for their separate and respective contracts seeking distinct amounts from Strategic Aviation ($325,916.43) and Airworthy ($30,000), but prayed for a judgment against Defendants "independently and/or *in solido*."[18]

Defendants timely removed the case on August 29, 2018, pursuant to 28 U.S.C. §§ 1441 and 1446, contending that there is complete diversity and that Beery's prayer for relief alleges solidary liability, which justifies aggregation of Defendants' amounts in controversy (a total sum of $355,916.43), which exceeds the jurisdictional threshold, and thus confers federal subject-matter jurisdiction under 28 U.S.C. § 1332.[19]

## II. PENDING MOTIONS

On November 20, 2018, Beery filed a motion to remand for lack of diversity subject-matter jurisdiction contending that the amount in controversy for Airworthy does not exceed $75,000.[20] Beery asserts that Defendants' amounts in controversy should not be aggregated to confer diversity subject-matter jurisdiction because Beery did not factually allege solidary liability, regardless of the phrase in the complaint's prayer for relief seeking a judgment against Defendants

---

[15] *Id.* at 6. Beery only claims the profit-sharing payment for that portion of 2018 during which services were performed. *Id.*
[16] *Id.* at 6-7.
[17] *Id.* Beery only claims the profit-sharing payment for that portion of 2018 during which services were performed. *Id.*
[18] *Id.*
[19] R. Doc. 1 at 3.
[20] R. Doc. 36-1.

"independently and/or *in solido*."[21] Beery contends that the inclusion of "*in solido*" in the prayer was "inadvertent" and is unsupported by the complaint's factual allegations which set forth separate agreements between separate companies seeking separate debt amounts.[22]

Defendants argue that the amounts in controversy should be aggregated because solidary liability in contract is plausible and such allegations can be inferred from Beery's repeated joint references to Defendants in the complaint, as well as the prayer's "*in solido*" phrase.[23]

## II. LAW & ANALYSIS

### A. Removal Standard

Under 28 U.S.C. § 1332, a federal district court has original jurisdiction of civil actions where the parties are diverse and the amount in controversy exceeds $75,000. A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because federal courts have limited jurisdiction, the removal statute is strictly construed, and any ambiguities are construed against removal and in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing that federal jurisdiction exists and that removal was proper. *Id.*

Where the removal is based on diversity of citizenship, the sum demanded in good faith in the initial pleading is deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). If the plaintiff seeks nonmonetary relief, or, if the plaintiff seeks monetary relief, but state law prohibits the amount from being pleaded or permits recovery in excess of the amount demanded, the notice of removal may state the amount in controversy. *Id.* § 1446(c)(2)(A). If the federal court finds

---
[21] *Id.* at 6.
[22] *Id.*
[23] R. Doc. 40.

by a preponderance of the evidence that the amount in controversy at the time of removal did not exceed $75,000, the federal court never had federal subject-matter jurisdiction, and the case must be remanded. *Id.* § 1446(c)(2)(B); *see Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

### B. Diversity Subject-Matter Jurisdiction and Amount in Controversy

It is facially apparent from the pleadings that this Court has diversity jurisdiction over Beery's claims against Strategic Aviation.[24] Diversity of citizenship exists as to Beery and Strategic Aviation. And Beery seeks $325,916.43 in damages from Strategic Aviation under an alleged open account or contract – an amount significantly over the $75,000 jurisdictional threshold.[25]

However, 28 U.S.C. § 1441(a) only authorizes removal of cases which may have originally been filed in a federal court. Thus, this Court must also have subject-matter jurisdiction over claims against defendant Airworthy.[26] Generally, the amount-in-controversy threshold must be met as to a plaintiff's claims against each defendant. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961); *see also Martin v. D.R. Horton, Inc.*, 2008 WL 4693397, at *3 (M.D. La. Oct. 23, 2008). Where a plaintiff pleads separate and distinct claims against one or more defendants, "the test of jurisdiction is the amount of each claim, and not their aggregate." *Jewell*, 290 F.2d at 13 (quoting *Cornell v. Mabe*, 206 F.2d 514, 516 (5th Cir. 1953)). However, claims

---

[24] R. Docs. 1; 1-1.
[25] R. Docs. 1-1 at 6, 7; 36-1 at 2.
[26] Supplemental jurisdiction under 28 U.S.C. § 1367 does not exist over Beery's claims against Airworthy, pursuant to the statute's express exclusion. "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 … the district courts shall not have supplemental jurisdiction … over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure … when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). Because Airworthy is necessarily joined as a defendant under either Rule 19 (required joinder) or 20 (permissive joinder), this Court cannot have supplemental jurisdiction over the claims against it. Therefore, this Order only analyzes jurisdiction as to Airworthy under 28 U.S.C. § 1332.

against multiple defendants may be aggregated, for the purposes of jurisdiction, if they are liable *in solido*. *Id.*

On the face of the complaint, Beery's claims against Airworthy do not meet the $75,000 jurisdictional threshold. Beery alleges that Airworthy owes it $30,000 under an open account or contract.[27] Defendants do not dispute the amount in controversy for Airworthy, but contend that Airworthy's amount in controversy should be aggregated with Strategic Aviation's amount in controversy under a theory of solidary liability to confer diversity jurisdiction over Beery's claims against Airworthy.[28]

Under Louisiana law,[29] liability is solidary when each obligor is liable for the whole debt and performance by either obligor satisfies the obligation. La. Civ. Code art. 1794. "Solidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties' intent or from the law."[30] *Id.* art. 1796.

Beery contends that the complaint alleges no facts supporting solidary liability, despite its "inadvertent" reference in the prayer for relief.[31] Defendants argue that solidary liability "*may* be imposed by contract" and that legal plausibility of solidary liability is sufficient to aggregate claims for purposes of jurisdiction.[32] Because solidary liability may not be presumed, the possibility of

---

[27] R. Docs. 1-1 at 6, 7; 36-1 at 2. Beery did not plead bad faith damages against Airworthy for breach of contract in the complaint, only reserved the right to do so. *Id.* at 8. Beery does seek attorneys' fees. *Id.* at 9. Beery asserts that any claim for attorneys' fees would not raise Airworthy's amount in controversy to the jurisdictional threshold. R. Doc. 36-1 at 5. Defendants respond that this point is irrelevant, relying solely on the solidary liability theory for jurisdiction, and thus they do not dispute Beery's fees estimate. R. Doc. 40 at 7. Therefore, this Court does not discuss the effect of an attorneys' fee claim on the amount in controversy, for even if a fee claim did raise a threshold question, Defendants have failed to carry their burden on the issue as the removing parties. *See* 28 U.S.C. § 1446(c)(2)(B); *Simon*, 193 F.3d at 850.
[28] R. Doc. 40.
[29] The parties do not raise a choice-of-law issue or dispute application of Louisiana law here, and, indeed, all parties briefed the jurisdictional issue using Louisiana law. Thus, the Court applies Louisiana law in its analysis.
[30] Certain relationships give rise to solidary liability at law. *See* 5 SAUL LITVINOFF & RONALD J. SCALISE JR., LOUISIANA CIVIL LAW TREATISE, LAW OF OBLIGATIONS § 7.66 (2d ed. Supp. 2018).
[31] R. Doc. 36-1 at 6.
[32] R. Doc. 40 at 5, 7 (emphasis added).

6

solidary liability, without supporting factual allegations or proof, is not enough to confer federal jurisdiction. *Id.* Inadvertence in pleading, though inartful, cannot create a basis for federal jurisdiction unsupported by the factual allegations underlying the asserted claim or claims. *See Ashley v. Sw. Bell Tel. Co.*, 410 F. Supp. 1389, 1392 (W.D. Tex. 1976) ("Neither artful or inartful pleading, nor inadvertence, mistake, or fraud can keep the Federal Courts from their appointed task of reaching the real nature of the claim asserted in plaintiff's complaint … .") (citing, *inter alia*, *Porter v. St. Louis-San Francisco Ry. Co.*, 354 F.2d 840 (5th Cir. 1966); *Romick v. Bekins Van Storage Co.*, 197 F.2d 369 (5th Cir. 1952)).

The facts as pleaded in the complaint do not sufficiently allege solidary liability. Beery alleges two separate agreements, formed at separate times, with separate companies.[33] Throughout the complaint, Beery tracks separately and distinctly the amounts owed by, and payments from, each company.[34] Beery alleges "separate" profit sharing payments were owed by "each" company and that Defendants breached their "respective contracts."[35] As to the open account claims, Beery references accounts for each company with differing amounts owed.[36] Beery pleads a separate bad faith damages claim against Strategic Aviation, and merely reserves the right to make such a claim against Airworthy.[37] Contrary to Defendants' contention, Beery never alleges either company made payments for services rendered to the other. Moreover, Beery does not allege that either company was obligated to make payments on behalf of the other, guaranteed payments on behalf of the other, should be liable for full performance of the other's debts, or was involved in or bound by the agreement of the other. Although the alleged contract terms are similar and

---

[33] R. Doc. 1-1.
[34] *Id.*
[35] *Id.* at 7, 8.
[36] *Id.*
[37] *Id.* at 8.

provide for similar services, and the companies have one overlapping member, Beery does not perceptibly allege any facts or theories that one company would be liable for the other's obligations or that the corporate forms should be set aside to impose solidary liability.[38]

Therefore, Defendants' argument for solidary liability rests solely on the complaint's prayer for a judgment against Defendants "independently and/or *in solido*."[39] Kitchen-sink pleading does not itself give rise to solidary liability, which is not to be presumed. *See* La. Civ. Code art. 1796. The facts as alleged in the complaint do not establish a relationship giving rise to solidary liability at law nor a clear expression of Beery's intent to hold Defendants liable *in solido*. At most, then, Beery's errant alternative phrasing in the complaint's prayer creates an ambiguity in pleading – that is, while the allegations do not support solidary liability, the prayer references it. "Ambiguity in plaintiffs' pleadings is not fatal to their motion to remand. To the contrary, … all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Glass Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO v. Wickes Cos.*, 707 F. Supp. 174, 179 n.2 (D.N.J. 1989) (finding the ambiguous phrase, "including but not limited to [a federal statute]," did not confer federal jurisdiction) (quoting *Toanone v. Williams*, 405 F. Supp. 36, 38 (E.D. Pa. 1975) (quoting *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957)) (internal quotations omitted).

Further, where ambiguities in amounts in controversy do exist, "post-removal affidavits may be considered in determining the amount in controversy at the time of removal." *Gebbia v.*

---

[38] Subject-matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint and notice of removal. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Defendants highlight Beery's single-business enterprise argument, asserted in the alternative, to oppose Defendants' motion to dismiss. *See* R. Doc. 12. Mere argument set forth in opposition to the motion to dismiss will not be considered here to determine whether there was jurisdiction at the time of removal.

[39] Defendants also argue that Beery's style of pleading – collapsing claims for two defendants under each count or cause of action – infers solidary liability, but stylistic preference is not persuasive here and further ambiguity will not suffice to confer subject-matter jurisdiction. *See Manguno*, 276 F.3d at 723.

*Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Beery's counsel asserts that the boilerplate language in the prayer as drafted was inadvertent. This post-removal assertion by an officer of the court seeks to clarify the ambiguity created by counsel's confessed error in drafting. In light of the manner in which the balance of the complaint was drafted, with no allegations supporting solidary liability, there would appear no reason not to credit counsel's post-removal confession. Regardless, it is not Beery's burden to prove improper removal, but Defendants' to show removal was proper. Defendants offer no additional facts or proof to demonstrate that solidary liability was intended to be pleaded. Thus, at best, the ambiguity in pleading remains. Where ambiguities remain, they are to be construed in favor of remand. *Id*. Hence, Defendants have failed to carry their burden of demonstrating the propriety of removal. *Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

Because Beery did not clearly plead solidary liability in the complaint, aggregation of claims to create diversity subject-matter jurisdiction is inappropriate. The amount in controversy, at the time of removal, as to defendant Airworthy was less than the jurisdictional threshold of $75,000. As a result, this Court lacks subject-matter jurisdiction over this case, and the matter must be remanded to CDC.[40]

---

[40] This Court may not maintain the claims over Strategic Aviation though diversity subject-matter jurisdiction is satisfied as to this defendant. The entire case must be remanded pursuant to the plain language of the removal statute. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case* shall be remanded.") (emphasis added); *see also Lazorko v. Pa. Hosp.*, 237 F.3d 242, 250 (3d Cir. 2000) ("When the underlying federal subject matter jurisdiction upon which to remove a case from state court does not exist, the entire case must be remanded."); 14C JOAN E. STEINMAN, MARY KAY KANE, A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 3739.1 (rev. 4th ed. 2019) ("If the federal court lacks subject-matter jurisdiction over an action removed under Section 1441(a) and (b), that court must remand the entire case; it may not remand some, but fewer than all, of the claims that comprise the case."). Moreover, principles of efficiency, comity, and deference owed to plaintiff's choice of forum support remanding the entire case.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Beery's motion to remand (R. Doc. 36) is **GRANTED**, and this matter is remanded to CDC.

New Orleans, Louisiana, this 1st day of July, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE